UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEVYN HAMON SIMMONS,

    Plaintiff,

v.      Case No:   6:22-cv-1852-LHP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant

---

ORDER[1]

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **DEFENDANT'S OPPOSED MOTION TO DISMISS (Doc. No. 13)**
>
> **FILED:**     **December 16, 2022**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 8–10.

Devyn Hamon Simmons ("Claimant"), appearing *pro se*, instituted this action against Defendant the Commissioner of Social Security ("the Commissioner") by complaint filed on October 12, 2022.  Doc. No. 1.  With the complaint, Claimant submitted a letter from the Social Security Administration ("SSA") regarding the cessation of Claimant's Supplemental Security Income ("SSI") benefits, stating that under the disability rules for adults, Claimant was no longer disabled as of September 20, 2022.  Doc. No. 1-1.

The Commissioner has filed an Opposed Motion to Dismiss, seeking dismissal of the complaint for Claimant's failure to exhaust administrative remedies, and thus, for lack of subject matter jurisdiction.  Doc. No. 13.  With the motion, the Commissioner submits the Declaration of Tracy Hunnicutt, a Program Expert in the Center for Disability and Program Support of the SSA, as well as several exhibits.  Doc. Nos. 14, 14-1 through 14-7.  And although labeled as "opposed," Claimant has not responded to the motion, and his time for doing so has long since expired.  *See* Local Rule 3.01(c).  Accordingly, the Court deems the motion to be unopposed in all respects.  *See id.*

For the reasons argued in the Commissioner's motion, Doc. No. 13, and given the exhibits submitted in support, Doc. No. 14,[2] the motion is due to be granted.

"The Social Security Act limits a district court's jurisdiction over claims related to Social Security benefits determinations to the review of a 'final decision' of the Commissioner. *Micklas v. Doe*, 450 F. App'x 856, 857 (11th Cir. 2012) (citing 42 U.S.C. § 405(g)). "To obtain review in federal court under Section 405(g), a Social Security claimant must have (1) presented a claim for benefits to the Commissioner and (2) exhausted administrative remedies." *Id.* (citing *Crayton v. Callahan,* 120 F.3d 1217, 1220 (11th Cir. 1997)). "This means claimant must have completed each of the steps of the administrative review process unless exhaustion has been waived." *Crayton*, 120 F.3d at 1220.[3]

The administrative review process includes receipt of an initial determination, 20 C.F.R. § 416.1402, reconsideration, 20 C.F.R. § 416.1407, a hearing

---

[2] "[W]here a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Collier v. Comm'r of Soc. Sec.*, 504 F. App'x 835, 837 (11th Cir. 2013) (quoting *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)).

[3] Waiver is not at issue here, but instead, the Commissioner has submitted exhibits demonstrating that Claimant has not exhausted his administrative remedies. *See* Doc. No. 14. Moreover, although"[e]xhaustion may be excused when the only contested issue is constitutional, collateral to the consideration of claimant's claim, and its resolution therefore falls outside the agency's authority," *see Crayton*, 120 F.3d at 1222, Plaintiff makes no such constitutional claim here. *See* Doc. No. 1.

before an Administrative Law Judge, 20 C.F.R. § 416.1429, and review by the Appeals Council, 20 C.F.R. § 416.1467. *See also* 20 C.F.R. § 416.1400. Only after exhaustion of these processes may a claimant seek judicial review. *See* 20 C.F.R. § 422.210(a) ("General. A claimant may obtain judicial review of a decision by an administrative law judge or administrative appeals judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner."). *See also* 20 C.F.R. § 416.1481.

Here, the Commissioner submits evidence demonstrating that although Claimant was awarded SSI benefits as a child, the SSA issued to Claimant a Notice of Disability Cessation, notifying Claimant that under the disability rules for adults, Claimant was no longer disabled as of September 20, 2022. Doc. No. 14 ¶¶ 4–7; Doc. Nos. 14-1, 14-2, 14-3, 14-4. The Notice of Disability Cessation states that if Claimant disagreed with the decision, he had the right to appeal within 60 days, by completing a "Request for Reconsideration—Disability Cessation." Doc. No. 14-4, at 2. Claimant submitted a request for reconsideration dated October 11, 2022. Doc. No. 14 ¶ 8; Doc. No. 14-5. Claimant also filed a complaint in this Court on October 12, 2022. Doc. No. 1. The Commissioner submits evidence that the motion for reconsideration was still pending as of December 2, 2022, which was

after Claimant filed the complaint. Doc. No. 14 ¶ 11.[4] And even if the SSA has issued a ruling on the motion for reconsideration since that time, Claimant would still have to exhaust the remaining steps of the administrative process prior to seeking judicial review. *See* 20 C.F.R. §§ 416.1400, 416.1402, 416.1407, 416.1429, 416.1467, 416.1481. *See also Lopez v. Gumushyan*, No. 16-CV-07236-LB, 2017 WL 2118313, at *3 (N.D. Cal. May 16, 2017) ("The cessation of disability benefits following a continuing disability review is an initial determination. Before appealing to this court, the plaintiff must exhaust administrative remedies by seeking a reconsideration decision, then an ALJ decision after a hearing, and then a final review by the Appeals Council." (citations omitted)).

Accordingly, because Claimant has not shown exhaustion of administrative remedies prior to filing the complaint in this Court or that a final decision of the Commissioner has issued, the Court lacks subject matter jurisdiction, and the case is due to be dismissed without prejudice. *See, e.g.*, *Phillips v. Colvin*, No. 2:15-cv-02137, 2015 WL 5836995, at *2 (W.D. Ark. Oct. 5, 2015) (dismissing complaint for lack of subject matter jurisdiction because a "Notice of Disability Cessation"

---

[4] On October 22, 2022, the Commissioner also requested additional documents in order to process the request for reconsideration, but it does not appear that a response from Claimant was received, and the request for reconsideration is proceeding without them. Doc. No. 14 ¶¶ 9–10; Doc. Nos. 14-6; 14-7.

constituted the SSA's initial determination, the claimant did not exhaust the remaining administrative review requirements, and the Commissioner had not issued a final decision subject to judicial review); *Green-Major v. Astrue*, No. CV 3:10-1459-JRM, 2011 WL 13388561, at *4 (D.S.C. Sept. 15, 2011) (dismissing social security case for failure to exhaust administrative remedies and thus for lack of subject matter jurisdiction where the claimant did not complete the four-step administrative review process with regard to the cessation of her SSI payments).

For these reasons, Defendant's Opposed Motion to Dismiss (Doc. No. 13) is **GRANTED**. The complaint (Doc. No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Clerk of Court is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties